IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKEY WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 10-~~697~~-GMS |
| | )           965 |
| RANDALL WORKMAN, Warden, and | ) |
| THE OKLAHOMA COURT SYSTEM, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM

### I. INTRODUCTION

Presently before the court is a document filed by petitioner Ricky White, which is titled "petition motion requesting this court retain jurisdiction over the case and grant him thirty days of extension of time to file his brief." (D.I. 1.) White challenges his conviction and sentence in Choctaw County District Court located in the State of Oklahoma. Therefore, the court construes the instant document to be a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

During the short pendency of this case, White has also filed a "motion to amend" his petition (D.I. 3.) as well as a "motion for certificate of appealability" (D.I. 4.) Reading all three of these filings together, White appears to be asserting that his conviction is invalid for various reasons, including his "actual innocence," and that the court should somehow reach the merits of the petition even though it constitutes a second or successive habeas petition for the purposes of 28 U.S.C. § 2244.

## II. DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court, 28 U.S.C. foll. § 2255, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Having reviewed the face of the instant petition, the court concludes that summary dismissal is appropriate in this case. Simply stated, the court does not have jurisdiction over the instant proceeding because White is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this Court.[1] *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a).

Having determined that it lacks jurisdiction over the instant proceeding, the court will deny White's ancillary motions as moot. (D.I. 3; D.I. 4.) The court will also decline to issue a certificate of appealability because White has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## III. CONCLUSION

For the reasons set forth above, the court will dismiss White's petition fora writ of habeas

---

[1] Additionally, the court does not have jurisdiction over the instant proceeding because the petition constitutes a second or successive petition pursuant to 28 U.S.C. § 2244. White has already requested, and has been denied, habeas relief with respect to the same underlying conviction. *See White v. Workman*, 2010 WL 2723216 (E.D. Okla. July 8, 2010).


corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008). A separate order follows.

Dec 10, 2010
DATE

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKEY WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 10-697-GMS |
| | ) 965 |
| RANDALL WORKMAN, Warden, and | ) |
| THE OKLAHOMA COURT SYSTEM, | ) |
| | ) |
| Respondents. | ) |

## ORDER

At Wilmington this 10th day of December, 2010;

For the reasons set forth in the Memorandum issued this date, **IT IS HEREBY ORDERED** that:

1. Petitioner Rickey White's petition for writ of habeas corpus is **DENIED**. (D.I. 1.)

2. White's motion to amend and his motion for a certificate of appealability are DENIED as moot. (D.I. 3; D.I. 4.)

3. No certificate of appealability shall be issued.

4. The clerk of the court shall close the case.

CHIEF, UNITED STATES DISTRICT JUDGE